IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CECIL JEROME HATCHETT,<br><br>    Petitioner,<br><br>  vs.<br><br>GONZALEZ, et al.,<br><br>    Respondents.<br>_____ / | No. 2:16-cv-0412-KJM-CMK-P<br><br><br><br>FINDINGS AND RECOMMENDATION |

        Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is respondent's motion to dismiss (Doc. 34). Petitioner filed an opposition to the motion. Petitioner has also filed two other motions, a motion for re-sentencing (Doc. 30) and a motion to be released (Doc. 31).

**I.    BACKGROUND**

        Petitioner states he is challenging his 1992 conviction out of Sacramento County. It is unclear whether he is challenging the conviction directly or solely the use of this conviction as an enhancement to a subsequent conviction. He claims his attorney provided ineffective assistance of counsel for failing to inform him of his rights and the government withheld evidence.

1

In March 1989, petitioner plead guilty to the charges of possession for sale of cocaine. (Lodged Doc. 1). In January 1992, after revocation of his probation, petitioner was sentenced to state prison for a term of three years. (Lodged Doc. 2). Petitioner states he did not appeal his conviction, but he did file state habeas petitions[1] in the California Superior Court and the California Court of Appeal, but not in the California Supreme Court, on unknown dates. He notes that in all of his state habeas petitions he raised the claim of ineffective assistance of counsel, and all were denied with a citation to In re Clark.[2]

Respondent states that petitioner was paroled in 1993 and subsequently discharged from the 1989 conviction. Petitioner does not challenge the validity of that statement. In 1994, petitioner entered a plea of nolo contendere to first degree murder and was sentenced to a term of twenty-five years to life.[3] Petitioner is thus currently in the custody of respondent, serving the sentence stemming from the 1994 conviction.

## II. MOTION TO DISMISS

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Ninth Circuit has allowed respondents to file a motion to dismiss in

---

[1] Respondent provided court docket information regarding the numerous state habeas petitions petitioner has filed from November 1996 through February 2016. Respondent does not know exactly which petitions relate to the conviction at issue in this case, as discussed below. However, despite petitioner's statement in his petition, it appears some petitions were in fact filed in the California Supreme Court.

[2] Petitioner did not provide a citation to In re Clark, but the court presumes petitioner is referring to In re Clark 5 Cal.4th 750 (1993).

[3] The court takes judicial notice of petitioner's subsequent conviction as recited in the denial of his federal habeas petition filed in this court, case number 2:98-cv-0345 WBS JFM P (Findings and Recommendation filed September 16, 2003 (Doc. 96); Order adopting the findings and recommendations filed October 6, 2003 (Doc. 99)). This court may take judicial notice of state court records, see Kasey v. Molybdenum Corp. of America, 336 F.2d 560, 563 (9th Cir. 1964), as well as its own records, see Chandler v. U.S., 378 F.2d 906, 909 (9th Cir. 1967).

lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F. Supp. 1189, 1194 & n. 12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n.12. The petitioner bears the burden of showing that he has exhausted state remedies. See Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1981).

Respondent brings this motion to dismiss petitioner's habeas corpus petition as it fails to satisfy the in-custody requirement of 28 U.S.C. § 2254(a), it was filed beyond the one-year statute of limitations, pursuant to 28 U.S.C. § 2244(d), and it contains a non-cognizable claim.

**A. In-Custody Requirement**

Respondent first moves to dismiss this case as petitioner fails to meet the in-custody requirement of 28 U.S.C. § 2254(a). Section 2254(a) states a "district court shall entertain an application for a writ of habeas corpus in [sic] behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The "in custody" requirement is jurisdictional, and "therefore it is the first question [the Court] must consider." Bailey v. Hill, 599 F.3d 976, 978 (9th Cir. 2010).

Section 2254 has two "in custody" requirements. "The first requirement is that the petition be filed 'in behalf of a person in custody,' and the second is that the application for the writ of habeas corpus can only be entertained 'on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the Untied States.'" Bailey, 599 F.3d at 978 (quoting 28 U.S.C. § 2254(a)). "Section 2254(a)'s 'in custody' requirement 'has been interpreted

to mean that federal courts lack jurisdiction over habeas corpus petitions unless the petitioner is "under the conviction or sentence under attack at the time his petition is filed.""" Id. at 978-79 (quoting Resendiz v. Kovensky, 416 F.3d 952, 956 (9th Cir.2005), Maleng v. Cook, 490 U.S. 488, 490-91 (1989) (per curiam)).

Here, while petitioner is technically currently "in custody," he is not in custody under the conviction or sentence he is attacking.[4] Petitioner is challenging his 1989 conviction.[5] However, following the revocation of his probation, petitioner was sentenced in 1992 to a term of three years. The term of that conviction was over no later than 1995. His current petition was signed on February 18, 2016, and filed in this court on February 25, 2016, at least 20 years after his sentence from the 1989 conviction was over. Petitioner therefore does not meet the "in custody" requirement, and the petition should be dismissed for lack of subject matter jurisdiction.

**B. Statute of Limitations**

Alternatively, respondent moves to dismiss the petition as filed beyond the statute of limitations.

Federal habeas corpus petitions must be filed within one year from the later of: (1) the date the state court judgment became final; (2) the date on which an impediment to filing created by state action is removed; (3) the date on which a constitutional right is newly-recognized and made retroactive on collateral review; or (4) the date on which the factual predicate of the claim could have been discovered through the exercise of due diligence. See 28 U.S.C. § 2244(d). Typically, the statute of limitations will begin to run when the state court judgment becomes final by the conclusion of direct review or expiration of the time to seek direct

---

[4] To the extent petitioner is attempting to challenge the 1994 conviction, as discussed below, he may qualify for the in-custody requirement. See Lackawanna County Dist. Atty v. Coss, 532 US. 394, 401-02 (2001).

[5] Petitioner states he is challenging his 1992 conviction. However, based on the documents respondent has lodged with the court, the 1992 sentencing was after a probation violation, and is based on the 1989 conviction.

4

review. See 28 U.S.C. § 2244(d)(1).

Where a petition for review by the California Supreme Court is filed and no petition for certiorari is filed in the United States Supreme Court, the one-year limitations period begins running the day after expiration of the 90-day time within which to seek review by the United States Supreme Court. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). Where a petition for writ of certiorari is filed in the United States Supreme Court, the one-year limitations period begins to run the day after certiorari is denied or the Court issued a merits decision. See Wixom v. Washington, 264 F.3d 894, 897 (9th Cir. 2001). Where no petition for review by the California Supreme Court is filed, the conviction becomes final 40 days following the Court of Appeal's decision, and the limitations period begins running the following day. See Smith v. Duncan, 297 F.3d 809 (9th Cir. 2002). If no appeal is filed in the Court of Appeal, the conviction becomes final 60 days after conclusion of proceedings in the state trial court, and the limitations period begins running the following day. If the conviction became final before April 24, 1996 – the effective date of the statute of limitations – the one-year period begins to run the day after the effective date, or April 25, 1996. See Miles v. Prunty, 187 F.3d 1104, 1105 (9th Cir. 1999).

The limitations period is tolled, however, for the time a properly filed application for post-conviction relief is pending in the state court. See 28 U.S.C. § 2244(d)(2). To be "properly filed," the application must be authorized by, and in compliance with, state law. See Artuz v. Bennett, 531 U.S. 4 (2000); see also Allen v. Siebert, 552 U.S. 3 (2007); Pace v. DiGuglielmo, 544 U.S. 408 (2005) (holding that, regardless of whether there are exceptions to a state's timeliness bar, time limits for filing a state post-conviction petition are filing conditions and the failure to comply with those time limits precludes a finding that the state petition is properly filed). A state court application for post-conviction relief is "pending" during all the time the petitioner is attempting, through proper use of state court procedures, to present his claims. See Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). It is not, however, considered

"pending" after the state post-conviction process is concluded. See Lawrence v. Florida, 549 U.S. 327 (2007) (holding that federal habeas petition not tolled for time during which certiorari petition to the Supreme Court was pending). Where the petitioner unreasonably delays between state court applications, however, there is no tolling for that period of time. See Carey v. Saffold, 536 U.S. 214 (2002). If the state court does not explicitly deny a post-conviction application as untimely, the federal court must independently determine whether there was undue delay. See id. at 226-27.

There is no tolling for the interval of time between post-conviction applications where the petitioner is not moving to the next higher appellate level of review. See Nino, 183 F.3d at 1006-07; see also Dils v. Small, 260 F.3d 984, 986 (9th Cir. 2001). There is also no tolling for the period between different sets of post-conviction applications. See Biggs v. Duncan, 339 F.3d 1045 (9th Cir. 2003). Finally, the period between the conclusion of direct review and the filing of a state post-conviction application does not toll the limitations period. See Nino, 1983 F.3d at 1006-07.

Here, petitioner is challenging a 1989 conviction. Petitioner acknowledges no direct appeal of his conviction was filed. The state court proceedings concluded with the judgment rendered on January 13, 1992. As his conviction became final prior to 1996, his one-year statute of limitations began running on April 25, 1996. See Miles, 187 F.3d at 1105. Petitioner then had until April 25, 1997 to file his federal petition for writ of habeas corpus. However, he did not sign his federal habeas petition until February 18, 2016, which was received by the court and filed on February 25, 2016. Without tolling, the petition is clearly untimely.

As for statutory tolling, petitioner filed several state habeas petitions. Respondent was unable to obtain copies of the habeas petitions to determine what claims were raised. Providing petitioner the benefit of doubt, that the petitions all challenge the 1989 conviction, and that some of the successive petitions were filed to correct deficiencies in claims raised in the original petitions, and similarly in the second round of collateral review, respondent contends his

federal habeas petition is still untimely.  See King v. Roe, 340 F.3d 821, 823 (9th Cir. 2003) (acknowledging an exception to the requirement for proceeding "up the ladder" where the prisoner files a successive petition to correct deficiencies of a prior petition).

According to the docket sheets respondent lodged, Petitioner filed the following state habeas petitions:

1) November 15, 1996:  Petition for writ of habeas corpus filed in the Sacramento County Superior Court; denied December 13, 1996;

2) April 7, 1997:  Petition for writ of habeas corpus filed in the Sacramento County Superior Court; denied April 15, 1997

3) August 22, 1997:  Petition for writ of habeas corpus filed in the California Supreme Court; denied January 28, 1998;

4) September 9, 1997:  Petition for writ of habeas corpus filed in the Sacramento County Supreme Court; denied October 24, 1997

5) October 21, 1997: Petition for writ of habeas corpus filed in the California Supreme Court; denied January 28, 1998;

6) January 8, 1998: Petition for writ of habeas corpus filed in the California Court of Appeal; denied January 15, 1998;

7) February 4, 1998: Petition for writ of habeas corpus filed in the California Supreme Court; denied June 24, 1998;

8) March 1, 2000: Petition for writ of habeas corpus filed in the Sacramento County Superior Court; denied March 23, 2000;

9) March 9, 2000: Petition for writ of habeas corpus filed in the Sacramento County Superior Court; denied March 23, 2000;

10) April 11, 2000: Petition for writ of habeas corpus filed in the Sacramento County Superior Court; denied April 26, 2000;

11) November 2, 2001: Petition for writ of habeas corpus filed in the Sacramento County Superior Court; denied November 27, 2001

12) March 26, 2004: Petition for writ of habeas corpus filed in the California Supreme Court; denied February 16, 2005;

13) August 19, 2005: Petition for writ of habeas corpus filed in the California Supreme Court; denied June 14, 2006;

///

14) February 25, 2016: Petition for writ of habeas corpus filed in
the California Supreme Court; denied April 27, 2016.
(Lodged Docs. 3 -17).

Thus, respondent contends that if petitioner were given the benefit of doubt, he would be eligible for tolling from the filing of the first petition until the denial of the second. However, he then waited an unreasonable amount of time (129 days) between the denial of the second petition and the filing of third. He would therefore not be entitled to tolling during the period of time from the denial of the second petition and the filing of the fourth petition. He may be eligible for tolling for the second round of petitions he filed, however. Therefore, again giving petitioner the benefit of doubt, he would be eligible for tolling from the filing of the fourth petition until denial of the seventh petition. The seventh petition was denied on June 24, 1998, and the eighth petition was not filed until March 2000. Even if petitioner was correcting acceptable errors, waiting over a year and a half is an unreasonable amount of time and no tolling would be available for that delay. Therefore, even providing petitioner a significant amount of potential tolling, his habeas petition is untimely.

The undersigned agrees with respondent's analysis.[6] The statute of limitations commenced on April 25, 1996. Petitioner's first petition was filed on November 15, 1996. He therefore used 204 days of his 365 statute of limitations before he filed his first state habeas petition. The statute of limitations was then potentially tolled until April 15, 1997, when the second petition was denied. Petitioner then used another 147 days of the limitations period with an untimely petition, until his fourth petition was filed on September 9, 1997. The statute was then potentially tolled until denial of the seventh petition, on June 24, 1998. As petitioner had used 351 days of the statute of limitations (204+147), he had only 14 days left to filed his federal

---

[6] Even giving petitioner additional tolling between the filing of the first petition through the denial of the seventh petition, which the undersigned would not be inclined to do, certainly waiting almost two years between the denial of his seventh petition and the filing of the eighth petition is undoubtably an unreasonable amount of time. As the statute of limitations is only one year, the statute of limitations would have expired during this time-frame.

8

petition until the statute of limitations expired on July 8, 1998. As petitioner did not file his federal habeas petition until 2016, it is untimely filed.

Petitioner argues that the court is not permitted to use court docket opinions to determine procedural bars because the state court opinions do not include a statement of the facts. However, the court docket sheets are used here only for calculation of filing dates, not for the merits of any state court decision. In addition, as discussed above, the time calculations are generous to petitioner. Even if the dates of mailing are off a few days from the dates of filing, petitioner's federal habeas petition would still be untimely.

**C.     Foreclosed Claim**

Respondent's final argument is that to the extent petitioner is challenging his 1989 conviction being used as an enhancement in his sentence on his later conviction, that claim has been foreclosed. Citing Lackawanna County District Attorney v. Coss, 532 U.S. 394, 402 (2001), respondent contends that because the prior conviction is no longer open to direct or collateral attack, because petitioner failed to pursue those remedies while they were available, he may not now challenge the use of the prior as an enhancement to sentencing in a later conviction. The undersigned agrees. It is unclear from the petition whether petitioner is in fact challenging his current sentence on the grounds that it was enhanced by the 1989 conviction, which he claims was unconstitutional. However, to the extent petitioner has raised that claim, the undersigned finds such a claim is unavailable. See id. at 396.

In addition, as set forth above, the court may take judicial notice of petitioner's prior habeas petition filed in this court. In that action, petitioner specifically challenged his 1994 conviction out of Yolo County. Thus, to the extent he is again challenging that same conviction, this action would be considered a second or successive petition filed without prior leave of the Ninth Circuit Court of Appeals. Under 28 U.S.C. § 2244(b)(1), "[a] claim presented in a second or successive habeas corpus application . . . that was presented in a prior application shall be dismissed." Under § 2244(b)(2), "[a] claim presented in a second or successive habeas corpus

application . . . that was not presented in a prior application shall be dismissed. . . ." unless one of two circumstances exist. Either the newly raised claim must rely on a new rule of constitutional law, or the factual predicate of the new claim could not have been discovered earlier through the exercise of due diligence and the new claim, if proven, establishes actual innocence. See id. Before a second or successive petition potentially permissible under § 2244(b)(2) can be filed, the petitioner must first obtain leave of the Court of Appeals. See 28 U.S.C. § 2244(b)(3). In the absence of proper authorization from the Court of Appeals, the district court lacks jurisdiction to consider a second or successive petition and must dismiss it. See Cooper v. Calderon, 274 F.3d 1270 (9th Cir. 2001) (per curiam).

Therefore, either way, petitioner's challenge to the use of his 1989 conviction as an enhancement in his 1994 conviction is unavailable.

### III. OTHER MOTIONS

In addition, petitioner has filed two other motions which are pending before the court. Petitioner is requesting this court re-sentence him if the court grants his petition (Doc. 30). He is also requesting he be released on bail pending the disposition of his habeas petition (Doc. 31). As the undersigned has recommended the respondent's motion to dismiss be granted, there is no basis for which to grant either of these motions. As such, the undersigned finds these motions to be moot based on the discussion above.

### IV. CONCLUSION

The undersigned finds the petitioner's federal habeas petition fails to satisfy the in-custody requirement of 28 U.S.C. § 2254(a), it was filed beyond the one-year statute of limitations, pursuant to 28 U.S.C. § 2244(d), and it contains a non-cognizable claim.

Based on the foregoing, the undersigned recommends respondent's motion to dismiss (Doc. 34) be granted and all other pending motions (Docs. 30, 31) be denied as moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days

after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal. See <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 29, 2018

　　　　　　　　　　　　　　　　　　/s/ Craig M. Kellison　　　　　　　　
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE