UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CECIL JEROME HATCHETT,<br><br>Petitioner,<br><br>v.<br><br>GONZALEZ, et al.,<br><br>Respondent. | No. 2:16-cv-0412-KJM-CMK-P<br><br><br>**ORDER** |

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus under 28 U.S.C. § 2254. This matter was referred to a United States Magistrate Judge as provided by Eastern District of California local rules.

On March 29, 2018, the Magistrate Judge filed findings and recommendations, which were served on the parties and which contained notice that the parties may file objections within a specified time. Timely objections to the findings and recommendations have been filed.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case. Having reviewed the file, the court finds that petitioner has not satisfied the "in custody" requirement of 28 U.S.C. § 2254 and, therefore that this court lacks jurisdiction over this action.

Petitioner is currently in custody serving a sentence of twenty-five years to life in prison following his 1994 conviction, entered in accordance with a nolo contendere plea, to one

1

count of first degree murder. *See* ECF No. 39 at 2; *see also Hatchett v. Hubbard*, Case No. 2:98-cv-0345 WBS JFM P, ECF No. 96 at 2. In this action, petitioner challenges a 1989 conviction, for which he was initially sentenced to a term of probation and then, in January 1992, to a state prison term of three years following revocation of his probation. *See* ECF No. 39 at 1-2. Petitioner does not dispute that he was discharged from that conviction well before this action was filed. *See id*. at 2. Moreover, it does not appear petitioner's 1989 conviction was used to enhance his present sentence. In connection with his current conviction, petitioner was originally charged with one count of first degree murder and one prior conviction, the 1989 conviction at issue here; following declaration of a mistrial, petitioner pleaded nolo contendere to one count of first degree murder and received a sentence of twenty-five years to life in prison. *See Hatchett v. Hubbard*, Case No. 2:98-cv-0345 WBS JFM P, ECF No. 96 at 2.

In his objections to the findings and recommendations, petitioner contends he is still subject to a restitution fine imposed as part of the 1989 conviction and, therefore, that the "in custody" requirement is satisfied. *See* ECF No. 40 at 1-2. Where, as here, petitioner in not in physical custody under the challenged conviction, the presence of an outstanding restitution order alone is insufficient to confer habeas corpus jurisdiction over this action. The purpose of the "in custody" requirement "is to permit petitions only when the remedy sought is capable of alleviating severe restraints on individual liberty." *Bailey v. Hill*, 599 F.3d 976, 980 (9th Cir. 2010). "Liability under a restitution order . . . 'is not a serious restraint on . . . liberty as to warrant habeas relief.'" *Id*. at 979 (internal citation omitted) .

For the foregoing reasons, the petition will be dismissed for lack of jurisdiction. The findings and recommendations will be adopted to the extent they are consistent with this order.

Under Rule 11(a) of the Federal rules Governing Section 2254 Cases, the court has considered whether to issue a certificate of appealability. Before petitioner can appeal this decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). Where the petition is denied on the merits, a certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a

constitutional right." 28 U.S.C. § 2253(c)(2). The court must either issue a certificate of appealability indicating which issues satisfy the required showing or must state the reasons why such a certificate should not issue. *See* Fed. R. App. P. 22(b). Where the petition is dismissed on procedural grounds, a certificate of appealability "should issue if the prisoner can show: (1) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling'; and (2) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right.'" *Morris v. Woodford*, 229 F.3d 775, 780 (9th Cir. 2000) (quoting *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595, 1604 (2000)). For the reasons set forth in this order, the court finds that issuance of a certificate of appealability is not warranted in this case.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed March 29, 2018, are adopted from page 1 through page 4, line 11;
2. Respondent's motion to dismiss (Doc. 34) is granted to the extent respondent seeks dismissal for lack of jurisdiction;
3. This action is dismissed for lack of jurisdiction under 28 U.S.C. § 2254;
4. All other pending motions (Docs. 30, 31) are denied as moot;
5. No certificate of appealability shall issue; and
6. The Clerk of the Court is directed to enter judgment and close this case.

DATED: June 11, 2018.

_____
UNITED STATES DISTRICT JUDGE